# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RAY BLOW,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BUREAU OF PRISONS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00210-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 7, 8, 9)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Jimmy Ray Blow ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed motions seeking preliminary injunctive relief on March 5, 2008, March 19, 2008, and March 24, 2008.

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in

relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In a separate order issued concurrently with this finding and recommendation, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under federal law. At this juncture, there is no actual case or controversy before the Court and therefore no jurisdictional basis upon which to support the issuance of a preliminary injunction. Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motions for preliminary injunctive relief, filed March 5, 2008, March 19, 2008, and March 24, 2008, be DENIED.

This finding and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this finding and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 3, 2008**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE