**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RAY BLOW, | CASE NO. 1:08-cv-00210-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| BUREAU OF PRISONS, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.   Screening Requirement**

Plaintiff Jimmy Raymond Blow ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on February 8, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claim**

Plaintiff is incarcerated at United States Penitentiary-Atwater. Plaintiff brings this action against the Bureau of Prisons ("BOP") following an incident on April 10, 2006, in which he was attacked while at the United States Penitentiary in Beaumont, Texas. Plaintiff is currently being housed in the Security Housing Unit ("SHU") following his transfer to Atwater. Plaintiff alleges that he is close to being eligible for a medium security prison but is not allowed to program while in the SHU. Plaintiff further alleges that the BOP will not send him to a facility where he is safe on the general population yard, from where he could program.

The basis for Plaintiff's legal claim in this action is not clear. There are several problems with the complaint. The Court will identify the deficiencies and allow Plaintiff the opportunity to amend, in the event that Plaintiff may be able to state a claim.

First, the BOP is the only named defendant and Plaintiff may not pursue a claim against a federal agency under Bivens. FDIC v. Meyer, 510 U.S. 471, 486 (1994).

Second, Plaintiff has not identified a claim cognizable under federal law. Placement in the SHU and the inability to program, alone, do not rise to the level of a constitutional violation. See Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005) (no right to avoid more adverse conditions); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985) (no constitutional right to rehabilitative programs).

1       Third, Plaintiff may not pursue claims for relief in this action arising from events which
2 occurred in Texas.  Plaintiff may only proceed on claims which accrued following his transfer to
3 USP-Atwater.  If Plaintiff wishes to impose liability under Bivens for the events which occurred at
4 USP-Beaumont, he must file suit in that jurisdiction.

**III.     Conclusion**

       Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

       Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.     The Clerk's Office shall send Plaintiff a Bivens complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 3, 2008**              /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE